## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JOSE AMBROCIO LEMA LEON,

     Petitioner,

     v.

LUIS SOTO, *et al.*,

     Respondents.

Case No. 2:26-cv-09113 (BRM)


**MEMORANDUM ORDER**

**THIS MATTER** is before the Court on Petitioner Jose Ambrocio Lema Leon's ("Petitioner") Second Petition for Writ of Habeas Corpus ("Second Petition") pursuant to 28 U.S.C. 2241. (ECF No. 1.) Petitioner seeks his immediate release, arguing his "detention has become unreasonably prolonged violating both substantive and procedural due process." (*Id.* at 2.)

On January 28, 2026, in connection with Petitioner's first habeas petition, the Court found Petitioner lawfully detained under 8 U.S.C. 1226(a) and ordered Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge ("IJ"). *See Lema Leon v. Bondi*, Civ. A. No. 26-193, ECF No. 7. Following his bond hearing, an IJ denied Petitioner bond finding he had not shown he was not a flight risk. *Id.*, ECF No. 5. Petitioner filed the Second Petition now before the Court, arguing his detention has become unreasonably prolonged, and he is entitled to release. (ECF No. 1.) Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"), which is applicable to Section 2241 cases through Rule 1(b) of the Habeas Rules, requires the Court to screen Petitioner's Second Petition for dismissal without an answer.

The Third Circuit in *Borbot v. Warden Hudson County Correctional Facility* noted its concern "that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged, whether by virtue of government delay or some other cause." 906 F.3d

1

274, 280 (3d Cir. 2018). However, the Third Circuit rejected the argument that the "sole basis" for a due process challenge was the duration of confinement, finding no authority "to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." *Id.* at 277.

Here, Petitioner received a bond hearing in February 2026. As such, he has only been detained for six months and within that time he was afforded the process contemplated by § 1226(a). Petitioner's six-month detention does not present an unreasonably prolonged detention situation, which would entitle him to relief. The Court notes that even if the Court found Petitioner had been detained for an unreasonably prolonged period, he would be entitled to a bond hearing where the burden is on the government, and not release from custody.

Accordingly, and for good cause appearing,

**IT IS** on this 24th day of July 2026,

**ORDERED** that Petitioner's Second Petition (ECF No. 1) is **DISMISSED** as premature; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Order upon the parties electronically and **CLOSE** this matter.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

2